UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOANNA A. JOSEPH and SANTFORD RUCKER,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE,
and ERNEST HOLLMAN,

    Defendants.

**MEMORANDUM & ORDER**
22-CV-07007 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiffs Joanna Joseph and Santford Rucker were injured in a car accident involving a United States Postal Service ("USPS") truck. Plaintiffs sought to recover damages under the Federal Tort Claims Act ("FTCA"), which required Plaintiffs to present their claims "in writing to the appropriate Federal agency within two years after such claim accrue[d]." 28 U.S.C. § 2401(b). Although they sent or tried to send various notices of claim at the last minute, USPS received none within the two-year notice window. Plaintiffs then commenced this action, and USPS ultimately denied their claims as untimely. Because the Court agrees that Plaintiffs' claims against the United States are time-barred, it grants Defendants' motion for summary judgment in full. The Court also grants Defendants' motion to dismiss Plaintiffs' claims against USPS because the Court lacks subject matter jurisdiction over claims against the agency.

**FACTUAL BACKGROUND**

    On November 16, 2019, Defendant Ernest Hollman was driving Plaintiffs in Brooklyn. ECF No. 1 ¶¶ 1, 74, 77, 106 (Complaint); ECF No. 17-2 ¶ 2 (Defendants' 56.1 Statement). The car carrying Plaintiffs "violently collided" with a USPS vehicle, ECF No. 1 ¶¶ 34, 46, 80; ECF

No. 17-2 ¶ 2, causing long-lasting injuries to Plaintiffs, ECF No. 1 ¶¶ 100, 116.  Plaintiffs allege that Defendants acted negligently.  *Id.* ¶ 1.

As required under the FTCA, Plaintiffs served or tried to serve USPS with notices of claim in several ways.  First, on November 15, 2021, ECF No. 17-2 ¶ 4; ECF No. 23-2 ¶ 4 (Plaintiffs' Response to Defendants' 56.1 Statement), Plaintiffs allege that they served "administrative claim[s]" on USPS at its "Cadman Plaza Post Office" at 271 Cadman Plaza East in Brooklyn.  ECF No. 1 ¶¶ 24, 29.  Plaintiffs admit that 271 Cadman Plaza East is a government building housing a United States Bankruptcy Court, the U.S. Attorney's Office for the Eastern District of New York, and a retail USPS location.  ECF Nos. 17-2 ¶ 19; ECF No. 23-2 ¶ 19.  Each entity has a separate public entrance, and none share lobby space.  ECF No. 17-3 ¶ 12 (Affidavit of U.S. Attorney's Office Special Security Officer Dolores Pilnacek).  The entrance to the U.S. Attorney's Office is marked as such, and an arrow on the door points to the entrance of the adjacent USPS location.  *Id.* ¶¶ 12–13, 15.

According to Plaintiffs' process server Zanekee Pow, he served, for each Plaintiff, "a true copy of the **CLAIM FOR DAMAGE, INJURY, OR DEATH** upon **UNITED STATES POSTAL SERVICE** the **RESPONDENT** therein named by delivering to, and leaving personally with **S. PILNA (REFUSED FULL NAME), AUTHORIZED TO ACCEPT** a true copy of each thereof"[1] at "271 Cadman Plaza East" on November 15, 2021, at 1:51 P.M.  ECF Nos. 23-3 & 23-4 (Affidavits of Process Server Zanekee Pow).  In another affidavit submitted for this motion, Mr. Pow states that at 271 Cadman Plaza East, he "recognize[d] the attendant as being a man identified to [him] as 'S. Pilna.'"  ECF No. 23-5 ¶ 7 (Additional Affidavit of Mr. Pow).  He allegedly informed "Mr. Pilna" that he was there to serve the notices of claim on

---

[1]   Capitalization and emphasis in original.

2

USPS and requested access to the building, at which point "Mr. Pilna denied [him] entry and advised [him] that due to the Covid 19 pandemic, they were not allowing process servers into the building." *Id.* ¶ 8.  When the process server allegedly asked how he could complete service, "Mr. Pilna advised [him] that he was authorized on behalf of USPS to accept service." *Id.*  He further states that "the attendant reviewed the [notices of claim], provided his name, and gave [Mr. Pow] back a copy stamped, confirming that he accepted the documents on behalf of the USPS, and was authorized to accept them on behalf of the USPS." *Id.* ¶ 9.  Although the affidavit purports to attach that stamped copy of a notice of claim returned to him by "Mr. Pilna," *id.*, Plaintiffs have not provided it in opposition to Defendants' motion.

Defendants paint a different picture of what unfolded at 271 Cadman Plaza East.  They provide an affidavit from Michelle Caldwell, a manager at the USPS location there, who states that no USPS employee named "S. Pilna" was working on November 15, 2021.  ECF No. 24-2 ¶ 3 (Affidavit of USPS Manager of Customer Services Michelle Caldwell).  Nor has Ms. Caldwell become aware of any person named "S. Pilna" at the Cadman Plaza USPS location since she became manager in July 2011.  *Id.* ¶¶ 1, 4.  In an additional affidavit, Ms. Caldwell adds that no person with the last name "Pilna" worked at the Cadman Plaza USPS location between October 2019 and June 16, 2023.  ECF No. 25 ¶ 6 (Additional Affidavit of Ms. Caldwell).  George Slater, Acting District Supervisor overseeing the Special Security Officer ("SSO") program at the U.S. Attorney's Office, similarly declares that he is unfamiliar with an "S. Pilna" at the U.S. Attorney's Office at Cadman Plaza, but is familiar with Dolores Pilnacek, an SSO who was working on November 15, 2021.  ECF No. 24-4 ¶¶ 15–16 (Declaration of Acting District Supervisor George Slater).  Mr. Slater also confirms that SSO Pilnacek matches the physical description of "S. Pilna" provided by Plaintiffs' process server,

3

including that "S. Pilna" was female. *Id.* ¶ 17; *see also* ECF Nos. 23-3 & 24-4 (Mr. Pow's contemporaneous description of "S. Pilna").[2]

For her part, SSO Pilnacek states in an affidavit that she has never worked for USPS nor represented as much, and may not and does not accept documents on behalf of USPS in her role at the U.S. Attorney's Office. ECF No. 17-3 ¶¶ 8–10. Indeed, Mr. Slater confirms that it is policy for SSOs at the U.S. Attorney's Office not to accept service of documents for USPS. ECF No. 24-4 ¶ 9. And since the coronavirus pandemic took hold in March 2020, process servers arriving at the U.S. Attorney's Office have been required to leave documents for that office with an SSO at the front desk. *Id.* ¶ 12.

In addition, Plaintiffs allege that they similarly served USPS on November 16, 2021, at "its Office located at 86 Chambers Street" in Manhattan. ECF No. 1 ¶¶ 25, 30. As Plaintiffs admit, however, there is no USPS location at that address. ECF No. 17-2 ¶ 7; ECF No. 23-2 ¶ 7.

Finally, Plaintiffs mailed SF-95 forms[3] to the USPS National Tort Center in St. Louis, Missouri, and USPS received them on November 17, 2021, as Plaintiffs admit. ECF No. 17-2 ¶¶ 15–16; ECF No. 23-2 ¶¶ 15–16; ECF Nos. 17-5 & 17-6 (Plaintiffs' SF-95 Forms Received at the USPS National Tort Center). Of all of Plaintiffs' claim forms, USPS has been able to locate only these two received by mail. ECF No. 17-4 ¶¶ 4–6 (Declaration of USPS Manager of Tort Program and Adjudication Kimberly A. Herbst).

---

[2] Plaintiffs and Mr. Pow describe "S. Pilna" as a man and refer to "Mr. Pilna." *E.g.*, ECF No. 23-5 ¶ 7; ECF No. 23 at 4 (Plaintiffs' Opposition). If that description is not an error, it is belied by Mr. Pow's contemporaneous description of "S. Pilna." *See* ECF Nos. 23-3 & 23-4.

[3] Claimants may use "Standard Form 95" ("SF-95") to present claims to USPS. *See* 39 C.F.R. § 912.5(a).

4

On November 16, 2022, Plaintiffs sued the United States, USPS, a John Doe Defendant as the driver of the USPS vehicle, ECF No. 1 ¶ 60, and Mr. Hollman, who drove Plaintiffs, alleging negligence, *id.* ¶ 1.[4]  USPS thereafter denied Plaintiffs' administrative claims because they had commenced litigation, and later sent Plaintiffs amended correspondence stating that their claims were untimely.  ECF No. 17-4 ¶ 8.

## **LEGAL STANDARD**

On a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, "[t]he party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists."  *Branch of Citibank, N.A. v. De Nevares*, 74 F.4th 8, 15 (2d Cir. 2023).[5]  A court must dismiss a case for lack of subject matter jurisdiction when it "lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In other words, "summary judgment is appropriate only where the record taken as a whole could not lead a

---

[4]    Plaintiffs have obtained a certificate of default against Defendant Hollman, ECF No. 19, and indicated on May 3, 2023, that they intend to move for a default judgment against him, ECF No. 21.

[5]    Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

5

rational trier of fact to find for the non-movant." *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021) (applying this standard to an FTCA claim). The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). In deciding a summary judgment motion, any ambiguities and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *LaFond v. Gen. Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995).

Rule 12(d) authorizes courts to convert motions to dismiss for failure to state a claim to motions for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). The rule requires that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* The Second Circuit has explained that Rule 12(d), therefore, gives courts "only two options" when they are presented with documents outside the complaint on a motion to dismiss: "(1) the court may exclude the additional material and decide the motion on the complaint alone or (2) it may convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 810–11 (2d Cir. 2019). "[T]he conversion of a Rule 12(b)(6) motion into one for summary judgment is governed by principles of substance rather than form." *Id.* at 811. "[T]he essential inquiry is whether the [nonmovant] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment." *Id.* at 811–12.

# DISCUSSION

I. **Defendants Are Entitled to Summary Judgment Due to Plaintiffs' Failure Timely to Serve USPS**

The sole issue in this case is whether Plaintiffs complied with the FTCA's notice requirement by presenting their claims to USPS within the two-year window. Because no rational trier of fact could find that they did, the Court grants Defendants' motion for summary judgment.[6]

### a. The Court Treats Defendants' Motion as a Summary Judgment Motion

At the outset, Defendants move to dismiss Plaintiffs' claims against the United States for failure to state a claim under Rule 12(b)(6), or alternatively, for summary judgment under Rule 56. ECF No. 17-1 at 1. Because both parties have presented "matters outside the pleadings" and the Court cannot exclude them in resolving the motion, the Court must treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d); *e.g.*, *Burke v. USPS*, No. 19-cv-2539, 2020 WL 9816003, at *3 & n.3 (E.D.N.Y. Sept. 28, 2020) (applying summary judgment framework where Defendants moved under Rule 12(b)(6) or, in the alternative, Rule 56, with respect to FTCA claim involving USPS). Treatment of the motion under Rule 56 is appropriate here because Plaintiffs had both "sufficient notice" and "an opportunity to respond." *See Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009). In their opposition, Plaintiffs invoked the summary judgment standard by claiming that there exists a "material issue," responded to Defendants' 56.1 statement, and, most importantly, presented additional materials outside of the pleadings.

---

[6] For clarity, the term "Defendants" in the Discussion portion of this Memorandum refers only to the movants United States and USPS.

*See, e.g.*, ECF Nos. 23-3 at 3 n.2, 23-4, 23-5.[7]  The Court also granted Plaintiffs additional time to respond to Defendants' motion.  *See* May 16, 2023, Text Order.

Although Plaintiffs suggest that additional discovery would be appropriate, *e.g.*, ECF No. 23 at 5, "[a] party cannot complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed . . . affidavits . . . in support of and in opposition to a motion to dismiss."  *See In re G&A Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985); *Balkanli v. City of New York*, No. 07-cv-2204, 2009 WL 1346736, at *4 n.5 (E.D.N.Y. May 14, 2009) (conversion to summary judgment appropriate where, *inter alia*, defendants clearly moved to dismiss all and not just some claims and "relied extensively on extrinsic materials," and where plaintiff had the "opportunity to oppose the motion with evidence . . . and . . . *did* respond to defendants' motion by filing extrinsic material").  In this case, the viability of Plaintiffs' claims turns on one "discrete and dispositive" issue—whether Plaintiffs timely served notice on USPS—which is properly resolved at summary judgment.  *See, e.g.*, *Palmer-Williams v. United States*, No. 14-cv-9260, 2016 WL 676465, at *4 (S.D.N.Y. Feb. 18, 2016) (conversion of a Rule 12(b)(6) motion to a Rule 56 motion appropriate for resolving statute of limitations issue under the FTCA).

---

[7]  Plaintiffs move to strike Defendants' reply, including the attached affidavits from Ms. Caldwell and Mr. Slater, claiming that Defendants improperly presented a "new substantive issue of law."  *See* ECF No. 26 at 1 (Plaintiffs' Letter Motion to Strike).  Defendants oppose that motion.  *See* ECF No. 27 (Defendants' Opposition to Letter Motion to Strike).  Contrary to Plaintiffs' assertion, the reply and attached affidavits present no new legal argument, and Defendants are right to observe that Plaintiffs identify no binding authority upon which the Court should grant their motion to strike.  *See id.* at 1.  Plaintiffs also lodge no evidentiary objection to the affidavits, which are "relevant, have a proper foundation, and are based on personal knowledge."  *Parker v. Mandarich L. Grp., LLP*, No. 19-cv-6313, 2021 WL 2351177, at *5 (E.D.N.Y. June 9, 2021).  Accordingly, the Court denies Plaintiffs' motion to strike.

### b. There Is No Genuine Dispute That Plaintiffs Failed Timely to Serve USPS

A claimant may not sue for damages under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The claim must be presented "in writing to the appropriate Federal agency within two years after such claim accrues." *Id.* § 2401(b). In this case, neither party contests that the "appropriate Federal agency" for service was USPS, and that service at "any" USPS office would have been sufficient. *See* 39 C.F.R. § 912.4. And because Plaintiffs' claims accrued on November 16, 2019, the date of the accident, they were required to complete service by November 16, 2021. *See Day v. Morgenthau*, 909 F.2d 75, 78 (2d Cir. 1990) (for statutes of limitation measured in years, "the anniversary date of the date of accrual is the last day for instituting action"); *e.g.*, *Lotrionte v. United States*, 560 F. Supp. 41, 41–42 (S.D.N.Y. 1983) (where claim accrued on April 11, 1978, plaintiff had until April 11, 1980, to comply with the FTCA's service requirement), *aff'd*, 742 F.2d 1436 (2d Cir. 1983). Plaintiffs carry the burden of demonstrating that their "notice[s] of claim w[were] received by [USPS] in the time and manner prescribed by the FTCA or its implementing regulations." *See Jaghama v. United States*, No. 11-cv-5826, 2013 WL 508497, at *2 (E.D.N.Y. Feb. 11, 2013) (collecting cases). Accordingly, Plaintiffs must show "actual receipt" by USPS within the statute of limitations period. *Cooke v. United States*, 918 F.3d 77, 82 (2d Cir. 2019).

The Court easily disposes of Plaintiffs' latter two methods of service. As to the service in Manhattan, Plaintiffs concede that there is no USPS location at the building at which they allegedly served notices. ECF No. 17-2 ¶ 7; ECF No. 23-2 ¶ 7. As such, they did not present their claims to USPS there. And with respect to Plaintiffs' mailed claims, Plaintiffs concede, ECF No. 17-2 ¶¶ 15–16; ECF No. 23-2 ¶¶ 15–16, and the stamped notices of claim show, ECF

9

Nos. 17-5 & 17-6, that USPS did not receive the notices until November 17, 2021, after the statute of limitations period had expired. Because USPS needed to actually "receive[]" the claims within the statute of limitations period, the mailed notices were untimely. 39 C.F.R. § 912.5; *see also Cooke*, 918 F.3d at 82 ("[T]he mailbox rule is inapplicable to claims brought under the FTCA . . . .").

Although the parties devote much time describing different versions of events at 271 Cadman Plaza East, there is also no genuine dispute that Plaintiffs failed actually to serve USPS there. USPS has put forth an "affirmative affidavit[] attesting that [it] did not receive the claim[s]" allegedly served at 271 Cadman Plaza East, meaning there was no actual receipt of them by USPS. *Vecchio v. United States*, No. 05-cv-393, 2005 WL 2978699, at *4 (S.D.N.Y. Nov. 3, 2005); *see also* ECF No. 17-4 ¶¶ 4–5 (claims received by mail on November 17, 2021, were "the only claim[s] that w[ere] filed with the Postal Service by [Plaintiffs] in connection with the November 16, 2019 accident"). At most, Plaintiffs' process server served someone claiming to be "authorized on behalf of the USPS to accept service." ECF No. 23-5 ¶ 8. Notably, he never claims to have actually gone into the USPS location, nor to have served a USPS employee. In sum, Plaintiffs "offer[] no proof of actual receipt of the notice[s] of claim by [USPS]," which is fatal to their timely service argument. *See Jaghama*, 2013 WL 508497, at *2.

Because there is no genuine dispute as to actual receipt by USPS, Plaintiffs must meet their burden to "come forward with specific evidence demonstrating the existence of a genuine dispute of material fact" on this issue. *Eli Lilly & Co.*, 654 F.3d at 358. They have not. Instead, they speculate about "S. Pilna," whom they incorrectly claim was "a person previously identified

10

as working at 271 Cadman Plaza by Defendants." ECF No. 23 at 3.[8]  To the contrary, Defendants conclusively show that no "S. Pilna" worked at either USPS or the U.S. Attorney's Office, ECF No. 24-2 ¶¶ 3–4; ECF 24-4 ¶ 14; ECF No. 25 ¶ 6, and that Plaintiffs' process server almost certainly served the similarly-named SSO Pilnacek, who was working at the U.S. Attorney's Office on the day of purported service, and whose supervisor confirms that her physical description matches the physical description of "S. Pilna" in the affidavits of Plaintiffs' process server.  ECF No. 24-4 ¶¶ 16–17.  In any case, even if Plaintiffs' process server did leave the notices with SSO Pilnacek, service on the U.S. Attorney's Office does not show "actual receipt" by USPS.[9]  *Cooke*, 918 F.3d at 82.

Plaintiffs' assertion that "S. Pilna's testimony on [service] is both material and necessary" is fanciful.  *See* ECF No. 23 at 4.  "[A] request for additional discovery 'cannot be relied upon to defeat a summary judgment motion where the result of a continuance to obtain further information would be wholly speculative.'"  *See Chinn v. Elmwood Franklin Sch.*, No. 15-cv-00938, 2019 WL 5073622, at *2 (W.D.N.Y. Aug. 8, 2019) (quoting *Contemp. Mission v. USPS*, 848 F.2d 97, 107 (2d Cir. 1981)).  Here, Plaintiffs' suggestion is more than speculative since they cannot even allege that service upon "S. Pilna" would have satisfied the statute's notice requirement.  Because it is undisputed that such service would have been inadequate, "no

---

[8]      Here, Plaintiffs appear to reference Defendants' earlier description of "S. Pilna" as a "Security Officer for the U.S. Attorney's Office" in a pre-motion letter.  ECF No. 14 at 2 (Defendants' Pre-Motion Letter).  But Plaintiffs misconstrue Defendants' use of the abbreviated term in quotation marks, which clearly refers to the same term in the affidavits of service proffered by Plaintiffs in their opposition to Defendants' request for a pre-motion conference.  *See* ECF Nos. 13-2 & 13-4 (Affidavits of Mr. Pow Attached to Opposition to Pre-Motion Letter).  In addition, Defendants make clear that they were referring to SSO Pilnacek in their papers supporting this motion.  *See* ECF No. 24 at 2.

[9]      For the same reason, even if Plaintiffs had come forward with a version of their notices of claim stamped by "Mr. Pilna," ECF No. 23-5 ¶ 8, that would not show receipt by USPS.

11

amount of discovery would change the outcome" that Plaintiffs' claims are time-barred. *See Smith v. U.S. Dep't of Just.*, No. 18-cv-03371, 2021 WL 2480412, at *3 (S.D.N.Y. June 17, 2021).

Finally, Plaintiffs do not argue that the Court should excuse their failure to comply with the FTCA's non-jurisdictional statute of limitations. *See United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015). But even had Plaintiffs advanced such arguments—for example, under the doctrines of equitable tolling or constructive filing—the Court would conclude that neither applies to this case. "Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023). As such, Plaintiffs could have argued that the Court should toll the statute of limitations with respect to their mailed claims received by USPS one day late. To have done that, Plaintiffs would have needed to show "that some extraordinary circumstance stood in [their] way" and "that [they] have been pursuing [their] rights diligently." *Id.* However, when these two elements are "missing," the Court has no discretion to apply equitable tolling. *Id.* Here, Plaintiffs put forward no evidence showing that they meet either prerequisite, and this record does not allow the Court to find that Plaintiffs clear that threshold. *Id.* at 73. Further, even had Plaintiffs demonstrated that some extraordinary circumstance existed, waiting until the last minute to mail their claims takes equitable tolling off the table, as "Plaintiffs took the risk that their claim[s] would not be received by [USPS] on time." *See DePhillips v. United States*, No. 09-cv-00905, 2009 WL 4505877, at *4 (D. Md. Nov. 24, 2009).

Similarly, constructive filing would not apply here. Under that doctrine, "a party can pursue a court action under the FTCA even when the administrative claims were not in the first instance filed timely with the appropriate federal agency." *Cronauer v. United States*, 394 F.

12

Supp. 2d 93, 98 (D.D.C. 2005). Here, Plaintiffs could have argued that when they purportedly served their notices of claim at the U.S. Attorney's Office, they had constructively filed with the appropriate agency, USPS. To be sure, when a claim is presented to the wrong federal agency, "that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim." 28 C.F.R. § 14.2(b)(1); *see Mosseri v. FDIC*, 104 F.3d 356, 1996 WL 734046 (Table), at *2 (2d Cir. 1996) (citing *id.*). Nevertheless, claimants may not rely on the doctrine when they wait until the eleventh hour to serve the wrong agency, as the Court must "imply at least a minimal period for transfer of the claim to the appropriate agency." *See Lotrionte*, 560 F. Supp. at 43; *see also, e.g.*, *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 844 (11th Cir. 2013) (constructive filing applies only when, *inter alia*, presentment to the incorrect agency takes place with "sufficient time before the statute of limitations is set to run"). As such, courts routinely decline to apply constructive filing when claimants serve the wrong agency near the end of the statute of limitations period. *See, e.g.*, *Cronauer*, 394 F. Supp. 2d at 101 (last day before expiration of statute of limitations); *Lotrionte*, 560 F. Supp. at 42–43 (three days before); *Martinez v. Minnis*, 257 F. App'x 261, 264 (11th Cir. 2007) (five days before); *Massengale v. United States*, No. 05-cv-2275, 2006 WL 3220333, at *1–2 (D.D.C. Nov. 6, 2006) (19 days before). Here, Plaintiffs purportedly served their notices on the U.S. Attorney's Office on November 15, 2021, at 1:51 P.M., one-and-a-half days before the statute of limitations expired. *See* ECF Nos. 23-3 & 23-4. Such service "at the very end of the two year period of limitation" did not "allo[w] time for transfer to" USPS, leaving Plaintiffs' claims time-barred. *See Lotrionte*, 560 F. Supp. at 43.

13

## II.  The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claim Against USPS

USPS is not a proper defendant in this action. The FTCA provides for a "remedy against the United States" in certain instances, and generally "preclude[s]" claims against Government employees. 28 U.S.C. § 2679(b)(1). Plaintiffs are similarly barred from bringing claims against federal agencies under the FTCA. *See McCracken v. Brookhaven Sci. Assocs. LLC*, 376 F. App'x 138, 140 (2d Cir. 2010); *Spinale v. U.S. Dep't of Agric.*, 621 F. Supp. 2d 112, 117 (S.D.N.Y. 2009) ("[T]he only proper defendant in an FTCA action is the United States, and not a federal agency or individual employees of a federal agency . . . ."), *aff'd*, 356 F. App'x 465 (2d Cir. 2009); *Smith v. Comm'r of Soc. Sec.*, No. 20-cv-1384, 2023 WL 5806222, at *7 (E.D.N.Y. Sept. 6, 2023) (collecting cases). Accordingly, because "USPS cannot be sued in its own name under the FTCA," the Court grants Defendants' motion to dismiss for lack of subject matter jurisdiction. *See Burke*, 2020 WL 9816003, at *3.[10]

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion for summary judgment as to the United States in full and Defendants' motion to dismiss for lack of subject matter jurisdiction as to USPS. *See* ECF No. 17. Plaintiffs' letter motion to strike Defendants' reply and attached affidavits is DENIED. *See* ECF No. 26. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants United States and USPS.

If Plaintiffs still intend to move for the entry of default judgment against Defendant Hollman, *see supra* note 4, they shall so move on or before February 14, 2024. Simultaneous

---

[10]  Plaintiffs do not contest Defendants' argument that the Court lacks subject matter jurisdiction over USPS, stating in their Opposition that they "consent[] to [USPS] being removed as a Defendant." ECF No. 23 at 1 n.1.

14

with their filing of such motion, Plaintiffs must notify the Court if they complied with the service requirements in the Court's prior Order regarding default, as Plaintiffs failed to file the declaration of compliance required by that Order. *See* ECF No. 20 at 2. If Plaintiffs do not move for default judgment on or before February 14, 2024, the Court will not entertain such motion and will close this case.

    SO ORDERED.

                                                  */s/ Hector Gonzalez*
                                                  HECTOR GONZALEZ
                                                  United States District Judge

Dated: Brooklyn, New York
       January 31, 2024